IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02235-BNB

HUBERT WARREN,

    Plaintiff,

v.

McLENNAN COUNTY, Texas, and
TENTH COURT OF APPEALS,

    Defendants.

ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

    Plaintiff, Hubert Warren, is a prisoner at a state prison in Huntsville, Texas. Mr. Warren initiated this action by filing *pro se* a complaint (ECF No. 1), a Motion to Show Cause (ECF No. 3), a document titled "Applicant Memorandum of Law With Brief in Support of Applicant's Habeas Corpus 2254 and also acts as Memorandum of Law in Support of Civil Action Complaints" (ECF No. 4), and a document titled "Relevant Evidence to Support Applicant Memorandum of Law With Brief in Support of Applicant Habeas Corpus 2254 and also acts as Memorandum of Law in Support of Civil Action Complaints" (ECF No. 5). On September 17, 2013, Mr. Warren filed a "Motion for Imminent Danger of Serious Physical Injury Exception" (ECF No. 8), a "Motion to Proceed Without Prepayment of Fees and Affidavit" (ECF No. 10), an "Affidavit" (ECF No. 11) in which he appears to allege that he has been unable to obtain the appropriate court-approved forms for use in the District of Colorado, and an amended complaint (ECF No. 12). For the reasons stated below, the "Motion to Proceed Without

Prepayment of Fees and Affidavit" (ECF No. 10) and the "Motion for Imminent Danger of Serious Physical Injury Exception" (ECF No. 8) will be denied.

Mr. Warren seeks leave to proceed in this action without prepayment of fees or security therefor pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. However, Mr. Warren's extensive litigation history in other courts implicates § 1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In order to apply the filing restriction in § 1915(g), the Court may take judicial notice of its own records as well as the records of other courts and the Court may count actions dismissed prior to the enactment of § 1915(g). *See Green v. Nottingham*, 90 F.3d 415, 418-20 (10th Cir. 1996).

Mr. Warren concedes that he has initiated more than three actions in federal courts that were dismissed as frivolous. (*See* ECF No. 12 at 2-3.) As a result, Mr. Warren has been denied leave to proceed *in forma pauperis* in other federal courts. *See*, *e.g.*, *Warren v. Ellis Cnty.*, 519 F. App'x 319 (5th Cir. 2013) (denying *in forma pauperis* motion and dismissing appeal); *Warren v. United States*, 106 Fed. Cl. 507, 508-09 (2012) (discussing Hubert Warren's litigation history and listing prior cases dismissed as frivolous or for failure to state a claim). Therefore, Mr. Warren must pay the entire filing fee in advance unless he is imminent danger of serious physical injury.

*See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011).  Because it is clear that Mr. Warren seeks to invoke the imminent danger exception, the Court notes that a prisoner with three or more strikes who seeks to fall within the imminent danger exception must "make specific, credible allegations of imminent danger of serious physical harm."  *Id.* 635 F.3d at 1179 (internal quotation marks omitted).

Mr. Warren asserts that he is in imminent danger of serious physical injury based on the following:

> Plaintiff alleges constant stress due to denial of constitutional rights and that Plaintiff has and could suffer migrain[es], cardiovascular problems[,] hypertension, fatigue and depression, suppressed immune system, memory loss, psoriasis, weight gain, sleep disorder[,] and a shortened life expectancy.

(ECF No. 9 at 2.)  However, Mr. Warren fails to explain how these actual and potential injuries relate to the only claim for relief he asserts in the amended complaint, in which he contends that he suffered personal injury when his Texas state court criminal conviction was affirmed in 2009.  (*See* ECF No. 12 at 6.)

The Court is not persuaded that Mr. Warren is in imminent danger of serious physical injury with respect to the claim he seeks to pursue in this action.  *See Burghart v. Corrections Corp. of America*, 350 F. App'x 278, 279-80 (10th Cir. 2009) (concluding inmate's allegations that he suffers constant stress and has or could suffer migraines, cardiovascular problems, hypertension, fatigue, depression, a suppressed immune system, memory loss, psoriasis, weight gain, sleep disorders, and a shortened life expectancy were not credible because inmate "has not explained how the rights violations alleged in his original complaint will produce these injuries").  Therefore, Mr.

Warren may not proceed *in forma pauperis* in this action and the motion seeking leave to proceed *in forma pauperis* will be denied. If Mr. Warren wishes to pursue his claims in this action, he must pay the full amount of $400.00 ($350.00 filing fee pursuant to 28 U.S.C. § 1914(a) plus a $50.00 administrative fee effective in this Court as of May 1, 2013) necessary to commence a civil action. Accordingly, it is

ORDERED that the "Motion to Proceed Without Prepayment of Fees and Affidavit" (ECF No. 10) and the "Motion for Imminent Danger of Serious Physical Injury Exception" (ECF No. 8) are denied. It is

FURTHER ORDERED that Mr. Warren shall pay the full amount of $400.00 ($350.00 filing fee, plus a $50.00 administrative fee) **within thirty (30) days from the date of this order** if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that, if Mr. Warren fails to pay the full amount of $400.00 within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this  26th  day of    September    , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court